UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEVEN GEORGE BODNAR, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-1002-CCB-AZ |
| BRYAN ENGLISH, et al., | |
| Defendants. | |

## OPINION AND ORDER

Steven George Bodnar, a prisoner without a lawyer, was granted leave to proceed against Warden English in his official capacity to obtain permanent injunctive relief to protect him from attacks by other inmates, as required by the Eighth Amendment. ECF 8. Warden English was ordered to respond with supporting documentation and declarations from staff, as necessary, describing the measures being used to ensure Bodnar's safety. *Id.* Bodnar was granted until January 3, 2026, to file a reply. *Id.* The warden responded. ECF 11. Bodnar asked for an additional 90 to 120 days to file a reply because he has limited law library access. ECF 17. In a separate motion, Bodnar asks that counsel be appointed to represent him. ECF 18. He filed another motion asking the clerk to send him a form to use to file a motion to amend his complaint. ECF 19. A few days later, he filed an amended complaint. ECF 20. That was followed by a reply to the motion for preliminary injunction. ECF 21. Bodnar also filed a motion to stay proceedings so he can obtain further evidence to support his claim that his Fourteenth Amendment rights have been violated. ECF 23. To obtain that evidence,

he filed a motion for subpoenas or court orders. ECF 24. He seeks eight signed subpoena forms so he can obtain copies of "all files, documents, records, transcripts, orders, letters, -'with responses,' from MCF officials as well as I.D.O.C. officials in Indianapolis, Camera Views and recordings, health care request forms, etc." *Id.* Alternatively, he asks for a court order that MCF officials provide this information to him, including incidents from August 2024 through January 2026. Bodnar also filed a "Motion Notifying the Court of Bodnar's Safety Not Secure at Miami Correctional Facility." ECF 25. Finally, Bodnar filed a "Motion to File Perjury Charges on Defendant Nathanael Angle" (ECF 26) and a document titled as a "Notification to Court of Continuing Violations of Bodnars [sic] safty [sic] and Property at Miami Correctional Facility" (ECF 27).

When Bodnar initiated this case, he sought a preliminary injunction and claimed he was in danger of being attacked by other inmates. ECF 1; ECF 5. This court, accepting the allegations of the complaint as true, expedited the screening of Bodnar's complaint, expedited service on the warden, and ordered the warden to address this matter within six days – which was when Bodnar represented that he would likely be returned to general population and the risk of an attack would increase. ECF 6; ECF 8. The warden complied. ECF 11. What the court learned from the warden's response was that Bodnar, who requested protective custody on August 7, 2025, had been granted protective custody on October 1, 2025. ECF 11-1. Furthermore, while Bodnar's time in disciplinary segregation was coming to an end, Nathaniel Angle represented that Bodnar would remain housed in a single person cell with a staff escort any time he is

2

outside of his cell. *Id.* It is described as the most secure housing available pending Bodnar's anticipated transfer to another facility. *Id.*

In his reply brief, Bodnar indicates that he did not receive a copy of the document showing he had been granted protective custody and did not know protective custody had been granted when he filed his complaint and motion for preliminary injunction. ECF 21 at 1. However, now that he has been told that he has been granted protective custody, Bodnar contends his housing remains insufficiently safe.

Bodnar notes that, despite these same protections being in place, on July 2, 2025, an inmate threw bodily fluids at him. An officer who was escorting him when this occurred allegedly failed to file an incident report, indicating that Bodnar "probably deserved this to happen." *Id.* at 4. Bodnar also describes an incident in the past where another inmate was placed in his cell. *Id.* at 4-5. Bodnar believes this inmate was placed in his cell on purpose due to a prior incident with the guard who was responsible for escorting the inmate to the cell. Also, when Bodnar filed his reply brief, he had not received anything at the prison saying he was on protective custody, other than the copy that was provided with the warden's response. Therefore, Bodnar remains skeptical that he has actually been granted protective custody. Each of Bodnar's many motions must be addressed by the court.

Bodnar's Request for an Additional 90 to 120 Days to File his Reply Brief

Bodnar's request for an additional 90 to 120 days to file his reply (ECF 17) will be denied. The motion is moot because Bodnar has filed his reply and the motion for preliminary injunction is ripe for ruling. Furthermore, Bodnar came to this court and claimed he had an emergency that needed to be addressed before December 18, 2025, when he expected to be released to general population. If Bodnar is going to claim he is not safe and a preliminary injunction is warranted (and to be clear, he continues to make this claim), he cannot also claim that the matter can wait for 90 to 120 days. Either it is urgent, or it is not urgent. He claims this matter is urgent, and so an extension of 90 to 120 days would not be reasonable even if Bodnar had not already filed his reply.

Bodnar's Requests for a Stay of Proceedings and Subpoenas or Court Orders that Evidence be Produced

Bodnar wants proceedings stayed so that he can gather evidence to support his claims. ECF 23. This is not warranted; that is what the discovery stage of the case is for. Furthermore, Bodnar claims his situation is urgent, and a stay would prevent that matter from being addressed in a timely manner. Therefore, the motion seeking a stay (ECF 23) will be denied.

Bodnar also filed a request for subpoenas or court orders (ECF 24) so that he can gather evidence. This is the second time he has requested subpoenas. *See* ECF 14. The court has already explained that discovery has not yet commenced and, if, at some point, the court determined that a subpoena should be permitted, it would be prepared and issued by the clerk. ECF 15. However, subpoenas are *not* used to obtain information

4

that is within the possession or control of the defendant. Here, it appears that the information Bodnar is attempting to obtain would be within the warden's possession or control. Therefore, when discovery commences, Bodnar will have an opportunity to seek this information from the defendant. But this request is premature. It is also entirely too vague, seeking whole categories of information without specifying dates or describing the information sought with any particularity. Therefore, Bodnar's motion for subpoenas or court orders that evidence be produced (ECF 24) will be denied.

Bodnar also filed a document titled as "Notification to Court of Continuing Violations of Bodnars [sic] safty [sic] and Property at Miami Correctional Facility." ECF 27. This document contains a lengthy legal analysis and ends with a request that the court order defendants to send him certain evidence. Again, this request is premature and will therefore be denied.

Bodnar's Request for Counsel

Bodnar also filed a motion to appoint counsel. ECF 18. He indicates that he does not feel competent to litigate this matter. He also reminds the court that it described his complaint as "difficult to read" and "confusing." *See* ECF 8 at 1. He notes that he has limited access to the law library due to his housing status, and he does not currently have access to a tablet that would allow him to access some legal materials.

"There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir.

5

2007)). However, in some circumstances, the court may ask counsel to volunteer to represent indigent parties for free.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654.

Here, Bodnar indicates he has tried to contact attorneys to represent him but has been unsuccessful. However, Bodnar has not provided the names of the attorneys he contacted. It is unclear when he attempted to find counsel or if he provided them with a copy of this court's screening order with his request for representation. That screening order was signed on December 12, 2025, so even if he sent copies of that order with his requests, he did not wait a reasonable time for a response before filing his request for counsel on December 30, 2025. "If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any [such requests] outright." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); *see also Pruitt*, 503 F.3d at 654; and *Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013).

Furthermore, Bodnar has now filed an amended complaint which has not yet been screened. Until that complaint is screened, the court cannot evaluate the difficulty of this case. *See Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) ("[T]he case [is] still in its infancy, thereby making it impossible at [this] juncture to make any accurate determination regarding [the plaintiff's] abilities" or the difficulty of the case.).

6

Therefore, the motion for counsel (ECF 18) will be denied and Bodnar may renew the motion after the court has screened the amended complaint, Bodnar has sent a copy of that screening order to ten attorneys along with a request for representation, and he has waited a reasonable amount of time for them to respond to his request.

Motion for Amended Complaint Form

Bodnar filed a motion asking the clerk to send him a form to be used to request leave to amend. ECF 19. The clerk's office does not have a form for this. Additionally, a plaintiff may amend his complaint once as a matter of course at this stage without the court's approval. Fed. R. Civ. P. 15(a). Thus, Bodnar did not need leave of court to file an amended complaint. Therefore, the motion (ECF 19) will be denied.

Bodnar's Amended Complaint

Each time an inmate files an amended complaint, this court must screen it, as required under 28 U.S.C. § 1915A. Here, a review of the amended complaint makes it clear that Bodnar's allegations regarding his claim against Warden English in his official capacity to obtain permanent injunctive relief to protect him from attacks by other inmates have not meaningfully changed. Because the issues surrounding his request for a preliminary injunction remain the same, in the interest of efficiency, the court will defer screening the amended complaint but will address the requests for preliminary injunction at this time.

Bodnar's Request for a Preliminary Injunction

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted).

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

The court has already explained that "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." ECF 8 at 5-6 (quoting *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008)). Bodnar has described instances in the past where inmates have been able to attack him or where security measures have not been fully implemented. For example, he was escorted by only one guard on one occasion. Bodnar has also filed a motion (ECF 25) where he claims that he remains in danger because he recently learned that there is an issue with the locks on shower cages which allowed one inmate to escape the cage. Bodnar has examined the locking mechanism and does not feel that it is sufficiently secure. But Bodnar also acknowledges that an officer has examined this issue and addressed it, although not to Bodnar's satisfaction. The Eighth Amendment, however, requires only that prison officials "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Holding Bodnar in a single person cell with a staff escort any time he is outside of his cell, until such time as he can

9

be transferred, complies with the Eighth Amendment. Bodnar has not demonstrated a reasonable likelihood of success on the merits of his Eighth Amendment claim for injunctive relief. He also has not demonstrated he is likely to suffer irreparable harm in the absence of an injunction. Bodnar conceives of possible ways he could be harmed, but these fears are based on speculation. Therefore, Bodnar's request for a preliminary injunction contained in his original complaint (ECF 1; ECF 5) and reasserted in his amended complaint (ECF 20) will be denied. To the extent that Bodnar's "Motion Notifying the Court of Bodnar's Safety Not Secure at Miami Correctional Facility" (ECF 25) seeks injunctive relief from this court, it too will be denied. However, the court notes that the I.D.O.C. determined that Bodnar should be transferred some time ago, and it is strongly encouraged to finalize that transfer.

Bodnar's Motion to File Perjury Charges on Defendant Nathanael Angle

Bodnar's most recent motion accuses Nathanael Angle of committing perjury. ECF 26. Here, Bodnar believes Angle has perjured himself by stating that Bodnar is approved for a transfer because Bodnar has not signed paperwork regarding a transfer, and he believes that should have occurred if the transfer had been approved.

Bodnar does not have a constitutional right to force an investigation of alleged wrongdoing. *See e.g. Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the

exclusive prerogative of the Attorney General."); *see also Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (plaintiff "does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction"). Therefore, this motion (ECF 26) will be denied.

Defendant's Request for Additional Time to File an Answer to the Amended Complaint

Each time a complaint filed by an inmate is amended, this court must screen the amended complaint pursuant to 28 U.S.C. § 1915A. The defendant has no obligation to respond to the amended complaint until it has been screened and the court orders a response to any claims that are allowed to proceed. Nonetheless, the court will grant the motion (ECF 22) to the extent that it clarifies that no response is required until the amended complaint has been screened.

For these reasons, the court:

(1) **DENIES** Steven George Bodnar's Motion for Extension of Time (ECF 17);

(2) **DENIES** Steven George Bodnar's motion requesting a stay of proceedings (ECF 23);

(3) **DENIES** Steven George Bodnar's Motion for Subpoenas or Court Orders (ECF 24);

(4) **DENIES** the relief requested in Steven George Bodnar's Notification to Court of Continuing Violations of Bodnars [sic] Safety [sic] and Property" (ECF 27);

(5) **DENIES** Steven George Bodnar's Motion to Appoint Counsel (ECF 18);

(6) **DENIES** Steven George Bodnar's Motion for Amended Complaint Form (ECF 19);

(7) **DENIES** Steven George Bodnar's Motion for Preliminary Injunction (ECF 1; ECF 5; ECF 20);

(8) **DENIES** Steven George Bodnar's Motion Notifying the Court of Bodnar's Safety Not Secure at Miami Correctional Facility (ECF 25);

(9) **DENIES** Steven George Bodnar's Motion to File Perjury Charges on Defendant Nathanael Angle (ECF 26); and

(10) **GRANTS** Defendant's Motion for Extension of Time to File Answer to Amended Complaint (ECF 22) to the extent that it clarifies that no response is required until the amended complaint has been screened.

SO ORDERED on January 15, 2026.

    /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT